CHARLES F. WHITTEN *vs.* CALEB HAYDEN & another.

If an accommodation note is disposed of by the payee for less than its face, the transaction is usurious, although the indorsee takes it without notice that it was an accommodation note.

CONTRACT upon a promissory note for $250, signed by the defendant Hayden, payable in one month from date to the order of Moses G. Cobb, and by him indorsed to the plaintiff.

At the trial in the superior court, before *Russell,* J., without a jury, it appeared that the note was signed by Hayden without consideration, to enable Cobb to obtain the money upon it; and that Cobb disposed of it to a broker for less than its face. The defendant asked the court to hold that the transaction was usurious; but the judge declined so to do, and found as a fact that a sale of the note was proved, and not a usurious contract; and rendered judgment for the plaintiff. The defendants alleged exceptions.

*I. Knowles, Jr.,* for the defendants.

*J. M. Way,* for the plaintiff.

BIGELOW, C. J. The ruling of the court was erroneous. The note did not become an operative contract, binding on the defendants, until it was negotiated by the payee to the broker, who advanced upon it a sum less than the amount due thereon, after deducting lawful interest. Previous to such negotiation, no action could have been maintained upon the note by any one. Such advance of money was in legal effect a loan, and not a sale of a negotiable note in the hands of an indorsee. If a greater rate of interest than six per cent. was reserved upon it, when it was thus negotiated, the contract was usurious, and the defendants were entitled to a deduction of threefold the amount of the interest so unlawfully reserved, under Gen. Sts. *c.* 53, § 4, even in the hands of a *bona fide* indorsee. *Sylvester* v. *Swan,* 5 Allen, 134. *Kendall* v. *Robertson,* 12 Cush. 156. The provision in *St.* 1863, *c.* 242, that usury between the payee and maker of a promissory note payable on time shall be no defence as

against a *bona fide* indorsee of the note, taking it before its maturity, does not apply to transactions which took place before that statute was passed. *North Bridgewater Bank* v. *Copeland, ante,* 139. *Exceptions sustained.*